# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOYCE FOUNTAIN, *et al.*, </br>     Plaintiffs, </br> </br> v. </br> </br> ETHICON, INC., *et al.*, </br>     Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | CIVIL ACTION: 1:19-00905-KD-N |

**ORDER**

This matter is before the Court on a review of the record.

Specifically, this case was transferred to this Court on October 31, 2019. (Docs. 37, 44). Currently pending is Defendants' motion for partial summary judgment at to Counts I-XIII and Count XV (Docs. 30, 31) to which an "Opposition" has been filed (Doc. 32). However, Plaintiff's Opposition makes clear that with regard to these 14 claims, there is no opposition: "Plaintiffs do not intend to pursue these claims at trial." (Doc. 32 at 1).

Accordingly, it is **ORDERED** that Plaintiffs' claims for strict liability – manufacturing defect (Count II), strict liability – failure to warn (Count III), strict liability – defective product (Count IV), strict liability – design defect (Count V), fraud (Count VI), fraudulent concealment (Count VII), constructive fraud (Count VIII), negligent misrepresentation (Count IX), negligent infliction of emotional distress (Count X), breach of express warranty (Count XI), breach of implied warranty (Count XII), violation of consumer protection laws (Count XIII) and unjust enrichment (Count XV), are **DISMISSED with prejudice**. Additionally, it is **ORDERED** that to the extent Plaintiffs' loss of consortium claim (Count XVI) is based on the foregoing underlying claims (Doc. 31 at 2 at note 3), said claim is also **DISMISSED with prejudice** but only as to *those*

1

underlying claims.

As such, Plaintiffs' remaining claims are as follows: negligence (Count I);[1] gross negligence (Count XIV); loss of consortium (Count XVI); punitive damages (Count XVII); and discovery rule and tolling (Count XVIII).  (Doc. 1 at 4-5).

It is further **ORDERED** that the following schedule shall govern this case:

1.  Daubert Motions.  The parties shall jointly file, on or before **November 13, 2019,** a Notice regarding the status of the Daubert motions (including an itemized listing of such motions) as well as the necessity for any evidentiary hearing.

2.  Pretrial Disclosures.  The time for disclosing the information required by Fed. R. Civ. P. 26(a)(3) shall be **February 20, 2020.**

3.  Final Pretrial Conference.  This action is set for a Final Pretrial Conference on **March 5, 2020** at **11:00 a.m.** in the undersigned's chambers, Room 440 of the United States District Court, 155 Saint Joseph Street, Mobile, Alabama, 36602.

4.  Jury Selection.  This action is set for jury selection on **March 31, 2020** at **8:45 a.m.**, in Courtroom 4B of the United States District Court, 155 Saint Joseph Street, Mobile, Alabama, 36602.

5.  Trial.  This action is set for jury trial during the **April 2020 civil trial term,** the specific date to be determined at the Final Pretrial Conference.  Trial shall commence daily at **8:30 a.m.** in Courtroom 4B of the United States District Court, 155 Saint Joseph Street, Mobile, Alabama, 36602.

A copy of this Court's Standing Order Governing Final Pretrial Conference is attached hereto.

**DONE** and **ORDERED** this the **6th** day of **November 2019.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] While Defendants reference moving for summary judgment on this count, they do so only "to the extent it alleges negligent failure to warn" (Doc. 31 at 2, 11).  This leaves Plaintiffs' negligence claim (Count I) to the extent it is alleged on some *other* basis.